UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DIANNA JOHNSON**, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 02-2364 (RMC) |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Defendants the District of Columbia, former U.S. Marshal for the D.C. Superior Court Todd Dillard, and the U.S. Marshal's Service have moved to dismiss the First Amended Complaint under Fed. R. Civ. P. 12(b)(6). The motions have been fully briefed and the parties presented oral argument on October 31, 2006. After carefully considering the parties' briefs and arguments, the Court concludes that Defendants' motions must be denied.

In resolving a Rule 12(b)(6) motion, the Court must treat the complaint's factual allegations — including mixed questions of law and fact — as true and draw all reasonable inferences in the plaintiff's favor. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). It is not necessary for the plaintiff to plead all elements of his prima facie case, see *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotations and citation omitted). The Court will not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his

claim that would entitle him to relief.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003); *Gilven v. Fire*, 259 F.3d 749, 756 (D.C. Cir. 2001).

The District of Columbia argues that the First Amended Complaint fails to state a claim against it under 28 U.S.C. § 1983 because it did not establish the policy of strip searching pre-presentment arrestees at the D.C. Superior Court, none of its agents or employees participated in or authorized the strip searches, and it had no power to supervise or control the actions of former Marshal Dillard or the U.S. Marshal's Service.  But the First Amended Complaint alleges that the District knew, or should have known, that U.S. Marshals at the D.C. Superior Court were unconstitutionally strip searching arrestees and yet, with deliberate indifference, continued to entrust its arrestees to former Marshal Dillard's custody.  First Am. Compl. ¶¶ 110-120, 123-24, & 176-177.  These allegations are sufficient to state a claim under § 1983.  *See Warren*, 353 F.3d at 39; *Baker v. District of Columbia*, 326 F.3d 1302, 1306-07 (D.C. Cir. 2003).

Former Marshal Dillard raises three arguments in support of his motion.  First he argues that the claims against him must be dismissed because he is entitled to qualified immunity.  The first step in deciding if qualified immunity applies is to determine whether the complaint alleges the deprivation of a constitutional right.  *Int'l Action Ctr. v. U.S.*, 356 F.3d 20, 24 (D.C. Cir. 2004).  Here, the First Amended Complaint alleges that U.S. Marshals — at the direction of and pursuant to a policy developed by former Marshal Dillard — subjected putative class members to blanket strip searches and visual cavity searches without a reasonable individualized suspicion that the class members were concealing weapons or contraband.  *See, e.g.*, First Am. Compl. ¶ 83.  The First Amended Complaint also alleges that all female arrestees

at the D.C. Superior Court were subjected to blanket strip searches, but similarly situated male arrestees were not strip searched.  *See id.* ¶ 85.  These allegations, if true, adequately allege violations of the Fourth and Fifth Amendments.  *See, e.g.*, *Shain v. Ellison*, 273 F.3d 56, 62-66 (2d Cir. 2001) (holding that a blanket strip search policy at county jail violated Fourth Amendment); *Yates v. Stadler*, 217 F.3d 332, 334 (5th Cir. 2000) (holding that treating similarly situated male and female inmates differently can constitute an equal protection violation).

       The next question in deciding qualified immunity is whether the constitutional rights in question were clearly established at the time of the alleged violation.  *Int'l Action Ctr.*, 356 F.3d at 24.  Although there are no D.C. Circuit opinions addressing the exact conduct alleged here, relevant Supreme Court authority provides sufficiently clear guidance to government officials regarding the proper scope of strip searches of arrestees such as the putative class members.  *See Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979) (establishing a balancing test to determine whether a strip search is valid under the Fourth Amendment); *U.S. v. Virginia*, 518 U.S. 515, 531 (1996) (holding that governmental discrimination between males and females violates Equal Protection unless the government shows an "exceedingly persuasive justification" for the disparate treatment).  Based on these authorities, the Court finds that it would have been clear to any reasonable official in former Marshal Dillard's position that a blanket strip-search policy under which all female — but not male — arrestees were strip searched, regardless of the offenses with which they were charged or any individualized suspicion that they were concealing contraband, was unconstitutional under the Fourth and Fifth Amendments.  Accordingly, former Marshal Dillard is not entitled to qualified immunity at this stage in the proceeding.

Second, former Marshal Dillard argues that the First Amended Complaint fails to state a claim against him under § 1983 because he was not acting under color of state law when the alleged strip searches occurred.  A person, including a federal agent, may be considered a state actor for purposes of § 1983 if he is a "willful participant in joint activity with the State or its agents." *Williams v. U.S.*, 396 F.3d 412, 414 (D.C. Cir. 2005); *see also Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) ("it is assumed that a § 1983 action can lie against federal employees—as it can against private individuals—if they conspire or act in concert with state officials to deprive a person of her civil rights under color of state law."); *cf. Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) (holding that conduct is actionable under § 1983 if it is "fairly attributable to the State.").  Here, the First Amended Complaint alleges that former Marshal Dillard and the District of Columbia acted in concert with the purpose of executing a jointly developed unconstitutional policy of strip searching all female — but not male — arrestees without individualized suspicion.  *See, e.g.*, First Am. Compl. ¶¶ 69, 85, 131, 185.  The Court concludes that these allegations — which must be treated as true at this stage in the proceedings — raise sufficient questions of contested fact so that it cannot determine, at this time, that former Marshal would not qualify as a "state actor" as a matter of law.

Third, former Marshal Dillard argues that the First Amended Complaint fails to allege that he personally engaged in conduct that violated Plaintiffs' constitutional rights.  On the contrary, the First Amended Complaint alleges that former Marshal Dillard developed the blanket strip search policy that led to Plaintiffs' injuries.  *See* First Am. Compl. ¶¶ 173 & 179.

Finally, the U.S. Marshal's Service argues that the claims against it for injunctive relief must be dismissed for lack of jurisdiction because Plaintiffs have not demonstrated that

they face a reasonable probability of again being subjected to an unconstitutional strip search at the D.C. Superior Court. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109-110 (1983) (holding that a plaintiff lacks standing to enjoin a government agency from engaging in an unconstitutional practice unless the plaintiff demonstrates a "real and immediate threat of again being" subject to the practice). The First Amendment Complaint arguably alleges that at least some of the named plaintiffs might again be arrested and subjected to strip searches at the D.C. Superior Court. *See* First Am. Compl. ¶¶ 142-145, 167-170, 205-206. But because determinations regarding standing to seek injunctive relief also bear upon class certification, the Court believes it preferable to resolve this issue in the context of Plaintiffs' motion to certify the class. *See Barnett v. County of Contra Costa*, Case No. 04-4437 (TEH), Order at 5 (N.D. Cal. Oct. 31, 2005). The U.S. Marshal's Service is free to raise this issue again at the appropriate time.

Based on the foregoing, it is hereby **ORDERED** that [Dkt. # 63] the District of Columbia's Motion to Dismiss is **DENIED**, and that [Dkt. # 62] the Federal Defendants' Motion to Dismiss is **DENIED**.

**SO ORDERED**.

Dated: November 14, 2006                                        /s/
                                                    Rosemary M. Collyer
                                                    United States District Judge